140 February 11, 2026 No. 101

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. B. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. B. B.,
*Respondent,*

*v.*

R. B.,
*Appellant.*

Crook County Circuit Court
24JU00749; A188127

Wade L. Whiting, Judge.

SubmittedJanuary 22, 2026.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent child.

Before Lagesen, Chief Judge, Kamins, Judge, and Armstrong, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment changing the permanency plan from reunification to adoption for her child, S, who was approximately 15 months old at the time of the permanency hearing. In a single assignment of error, she challenges the plan change, arguing that the juvenile court erroneously concluded that no compelling reason existed not to change the plans to adoption. Mother argues that she is prepared to begin full engagement in services such that it was premature to change the plan to adoption. We affirm.

Mother has not requested that we review *de novo*, and we decline to exercise our discretion to do so.[1] We therefore review the juvenile court's factual findings for any evidence in the record to support them, and we review the "no compelling reason" legal conclusion for errors of law. *Dept. of Human Services v. S. J. M.*, 364 Or 37, 56-57, 430 P3d 1021 (2018).

In considering a proposed change to a child's permanency plan, the juvenile court is to "carefully evaluate" the request and seek to make a decision "that is most likely to lead to a positive outcome for the child." *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 183, 205 P3d 36 (2009). To that end, ORS 419B.476(5), which governs permanency hearings and judgments, requires the court to address certain issues in the judgment changing a child's permanency plan. As relevant here, when a child's plan is being changed to adoption, ORS 419B.476(5)(d) requires the court to address whether any of the circumstances in ORS 419B.498(2) apply.

ORS 419B.498(2) lists reasons that the Oregon Department of Human Services (ODHS) may forgo or delay filing a petition to terminate parental rights in a dependency case, one of which is the existence of a "compelling reason, which is documented in the case plan, for determining that

---

[1] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

filing such a petition would not be in the best interests of the child or ward." The statute provides some examples of compelling reasons, one of which is that "[t]he parent is successfully participating in services that will make it possible for the child or ward to safely return home within a reasonable time as provided in ORS 419B.476." ORS 419B.498(2). "'Reasonable time' means a period of time that is reasonable given a child or ward's emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419A.004(26). The party arguing that a compelling reason exists bears the burden to prove it. *S. J. M.*, 364 Or at 53.

In this case, we conclude that the juvenile court did not err in deciding on this record that a compelling reason not to change S's plan to adoption had not been proved. The juvenile court found, among other things, that mother had not begun any services and had been "inconsistent or non-participatory at best in this case with respect to services and visitation." The record allowed those findings and allowed the court to conclude that mother had not proved that she was successfully participating in services that would make it possible for S to return to her care within a reasonable time.

Affirmed.